UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

JASON BALKUM,

        Plaintiff,

  -v-

COUNTY OF MONROE,
MAGGIE BROOKS,
BRAYTON CONNARD, and
SUSAN WALSH,

        Defendants.

---

DECISION AND ORDER
08-CV-6259CJS

## INTRODUCTION

Plaintiff Jason Balkum, proceeding *pro se*, has filed an action seeking relief pursuant to 42 U.S.C. 1983, and has requested permission to proceed *in forma pauperis*. Plaintiff claims that the defendants, the County of Monroe, Maggie Brooks, Brayton Connard and Susan Walsh, have violated his constitutional rights by failing to hire him due to his prior criminal conviction. For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted, two of his claims are dismissed and the remaining claims are sufficient to survive this initial review.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), Plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson* v. Padus, — U.S. —, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, —, 127 S. Ct. 1955, 1959

2

(2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). Based on its evaluation of the complaint, the Court finds that Plaintiff's claims against the County of Monroe and Maggie Brooks must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, Plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993) *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Plaintiff alleges that he interviewed for a position as a seasonal worker for the County of Monroe. Initially, he was told that he was hired and given a date to begin. A week later, Plaintiff alleges that he was called and told he was not hired because of his criminal conviction. He wrote to Brayton Connard to get an explanation, and Susan Walsh responded. Plaintiff alleges that they attempted to mask the basis for the denial of employment. While Plaintiff acknowledges that he was informed of an opportunity to rebut, address or challenge the decision not to hire, he claims that the offer was a subterfuge. Plaintiff claims that this improper discrimination violated his constitutional rights and state law.[1] Accepting Plaintiff's allegations as true,

---

[1] See N.Y. Correct. Law §§ 752, 753; N. Y. Comp. Codes R. & Regs. tit. 8, § 87.5.

the Court cannot find at this stage that Plaintiff has failed to set forth a sufficient claim against Brayton Connard and Susan Walsh.

With respect to Monroe County and County Executive Maggie Brooks, however, Plaintiff has not established that the denial of employment was the result of a County policy or otherwise provided for the involvement of these defendants. Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as Monroe County may not be held liable under § 1983 *unless* the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694. To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

Here, it appears that Plaintiff has named Monroe County and County Executive Brooks solely because of their positions in the County hierarchy. This is not sufficient to claim that these defendants were personally involved in the complained-of events.

Accordingly, the claims against the County of Monroe and Maggie brooks are dismissed.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed in forma pauperis is hereby granted. For the reasons discussed above, Plaintiff's claims against the County of Monroe and Maggie Brooks are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and the U.S. Marshal is directed to serve the summons and complaint on Brayton Connard and Susan Walsh.

Plaintiff's motion for counsel is denied at this time. There is insufficient information before the Court at this time to make the necessary assessment of Plaintiff's claims under the standards promulgated by Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that Plaintiff's request for appointment of counsel is denied as premature;

FURTHER, that Plaintiff's claims against the County of Monroe and Maggie Brooks are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants the County of Monroe and Maggie Brooks as parties to this action; and

FURTHER, that the Clerk of the Court is directed to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Brayton Connard and Susan Walsh without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

Dated: March 30, 2009
Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge