UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON BALKUM,

                                       Plaintiff,

-vs-

                                       08-CV-06259-CJS

COUNTY OF MONROE, MAGGIE BROOKS,
BRAYTON CONNARD, and SUSAN WALSH     DECISION and
                                  Defendants.     ORDER

INTRODUCTION

This case is before the Court on Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 41(b) and Western District of New York Local Rule of Civil Procedure 41(b)[1]. For the reasons stated below, the motion is granted.

BACKGROUND

On June 16, 2008, Jason Balkum ("Plaintiff") filed and served a complaint against Defendants County of Monroe, Maggie Brooks, Brayton Connard, and Susan Walsh ("Defendants"). On June 29, 2009, this Court issued a Notice of Rule 16 conference (Docket No. [#9]) to the parties. On July 8, 2009, Defendants filed and served an amended answer [#10]. On December 29, 2010, the Court received Defendants' motion to dismiss for failure to prosecute [#13]. On January 6, 2011, this Court issued a

---

[1] Local Rules of Civil Procedure for the Western District of New York were amended effective January 1, 2011. Rule 41(b) was formerly known as Rule 41.2, which was cited in Defendants' submissions to the Court.

1

Motion Scheduling Order [#14] requiring responding papers to be filed and served on or before February 28, 2011. To date, Plaintiff has filed no response to Defendants' motion.

## ANALYSIS

The Western District of New York, in its local rule for dismissal for failure to prosecute provides:

> (b) Involuntary Dismissal. If a civil case has been pending for more than six months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six months, the Court shall issue a written order to the parties to show cause within thirty days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute. The parties shall respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed. They need not appear in person. No explanations communicated in person, over the telephone, or by letter shall be accepted. If the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires.

(Rule 41(b) of the Local Rules of Civil Procedure).

Federal Rule of Civil Procedure 41(b) authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision … operates as an adjudication upon the merits.

Fed.R.Civ.P 41(b).

This Court previously discussed the aspects of a plaintiff's failure to prosecute in *Marcial v. DePerio*, 2006 WL 2769923 (W.D.N.Y. Aug. 1, 2006), which states:

> Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced' ") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Applying these standards, courts have frequently found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See, e.g., Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 U.S. Dist. LEXIS 10952, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("that nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *Ahmed v. I.N.S.*, 911 F.Supp. 132, 134 (S.D.N.Y. 1996) (plaintiff's failure to respond to motion or to respond to discovery over course of thirty-five months since complaint was filed justifies dismissal of action); *West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

*Marcial*, 2006 WL at *2-3.

The Second Circuit also established a list of factors to address the issue of involuntary dismissals in *Nita v. Connecticut Dept. of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994), and wrote:

> It is well established that a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion.... In determining whether there has been such an abuse of discretion, we examine principally
>
> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the

>defendant is likely to be prejudiced by further delay, [4] whether the district judge has 'take[n] care to "strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard...." ', and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."
>
>*Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d at 932 (brackets in original) (quoting *Harding v. Federal Reserve Bank*, 707 F.2d at 50 (quoting *Merker v. Rice*, 649 F.2d 171, 174 (2d Cir. 1981))); see also *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Peart v. City of New York*, 992 F.2d at 461; *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir. 1986).  Generally, no one factor is dispositive.

*Nita*, 16 F.3d at 485 (some citations omitted).

In consideration of the above factors, the Court finds the duration of Plaintiff's failure to prosecute significant.  Plaintiff failed to prosecute his lawsuit for 18 months prior to the filing of this motion and has yet to file a responsive pleading.  This Court's Motion Scheduling Order [#14] stated that responding papers must be submitted on or before February 28, 2011.  Plaintiff received notice that his claim may be dismissed without a trial if he did not respond to the motion. *See* Notice to Pro Se Litigant Opposing Motion for Summary Judgment/Dismissal [#13].  While Defendants do not claim any prejudice for delay, the amount of time that has passed will certainly have an effect on witness memory and discovery proceedings.  Plaintiff has been given ample time to prosecute his claim and has failed to do so.  Lesser sanctions would not be appropriate in this case given Plaintiff's failure to file any responsive pleadings.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York, the Court is dismissing Plaintiff's action.

CONCLUSION

For the reasons stated above, Defendants' motion (#13) is granted. This action is dismissed for failure to prosecute.

So Ordered.

Dated: Rochester, New York
       October 12, 2011

                              ENTER:


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge